*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
GASTON, GERRITY, and HOUTZ
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Joseph M. RIBONI, Jr.**
Missile Technician Second Class (E-5), U.S. Navy
*Appellant*

**No. 202100193**

_____

Decided: 20 January 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Lawrence C. Lee

Sentence adjudged 17 May 2021 by a general court-martial convened at Naval Base Kitsap, Bremerton, Washington, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 11 months, and a bad-conduct discharge.

For Appellant:
*Commander Michael E. Maffei, JAGC, USN*

_____

**This opinion does not serve as binding precedent under NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[1]

However, we note that Appellant requested a deferment of automatic forfeitures, and the convening authority summarily denied the request without stating the basis for doing so. "When a convening authority acts on an accused's request for deferment of all or part of an adjudged sentence, the action must be in writing (with a copy provided to the accused) and must include the reasons upon which the action is based."[2] Accordingly, the failure to state in writing the basis for the denial of a deferment request constitutes error on the part of the convening authority.[3] We review the denial of a request for deferment for an abuse of discretion.[4] However, when a convening authority does not state a reason for such action, we are left unable to assess any abuse of discretion since "the basis for the exercise of that discretion is unknown."[5] Therefore, "we must independently review the facts of this case and determine whether deferment was appropriate, and if it was, what remedy should follow."[6]

Our analysis of the factors enumerated in Rule for Courts-Martial [R.C.M.] 1103(d)(2) convinces us that it was appropriate to deny the deferral-of-forfeitures request. Appellant's crimes involved the possession of child pornography. The crime and the facts underlying Appellant's offense were serious and carried a maximum punishment of up to ten years in confinement and a dishonorable discharge. Appellant's sentence, in accordance with the plea agreement, was a bad-conduct discharge, 11 months' confinement, and reduction to E-1. Under R.C.M. 1103(d)(2), Appellant had the burden of showing that the interests of Appellant and the community in deferral outweighed the community's interest in imposition of the punishment on the effective date. In balancing the

---

[1] Articles 59 & 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859, 866.

[2] *United States v. Sloan*, 35 M.J. 4, 7 (C.M.A. 1992).

[3] *Id.*

[4] *United States v. Brownd*, 6 M.J. 338, 340 (C.M.A. 1979); R.C.M. 1103(d)(2).

[5] *Sloan*, 35 M.J. at 6.

[6] *United States v Phillips*, NMCCA No. 20040865, 2006 CCA LEXIS 61 at *28–29 (N-M. Ct. Crim. App. Mar. 16, 2006) (unpublished).

interests of Appellant—to help him stay current on his bills—against the seriousness of the crimes and the sentence in accordance with the plea agreement, we find Appellant did not meet his burden. It was therefore appropriate to deny the deferment request. Accordingly, we find that Appellant did not suffer any prejudicial error from the convening authority not articulating in writing the specific reasons for his denial.

Such issues are easily avoidable, and we caution staff judge advocates and convening authorities to follow the rules when reviewing deferment requests and articulate in writing the basis for the action taken. Military judges, as part of their role in finalizing the Entry of Judgment, should also pay close attention to deferment requests and ensure the rules are followed.[7]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[7] *See United States v. Mirra*, NMCCA No. 202000062, 2021 CCA LEXIS 211 (N-M. Ct. Crim. App. Apr. 30, 2021) (unpublished); *United States v. Urbonas*, NMCCA No. 201900298, 2021 CCA LEXIS 175 (N-M. Ct. Crim. App. Apr. 16, 2021) (unpublished); *United States v. Hull*, NMCCA No. 202000044, 2020 CCA LEXIS 359 (N-M. Ct. Crim. App. Oct. 5, 2020) (unpublished); *United States v. Franco*, NMCCA No. 202000042, 2020 CCA LEXIS 176 (N-M. Ct. Crim. App. May 27, 2020) (unpublished); *United States v. Norris*, NMCCA No. 201900289, 2020 CCA LEXIS 139 (N-M. Ct. Crim. App. Apr. 30, 2020) (unpublished).